**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**GEORGIO R. SCOTT** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 2:19-cv-179-TBM-MTP**

**CARL PYLES and**
**FORREST COUNTY, MISSISSIPPI** **DEFENDANTS**

**REPORT AND RECOMMENDATIONS**

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [61]. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion [61] be granted and this action be dismissed with prejudice.

**BACKGROUND**

On November 13, 2019, Plaintiff Georgio R. Scott, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise from his arrest and detention in Forrest County, Mississippi. In his complaint and as clarified by his testimony at the *Spears* hearing,[1] Plaintiff alleges that, before the subject arrest, he was arrested and charged with being a felon in possession of a firearm and aggravated assault and was later released on bond. Thereafter, Defendant Carl Pyles, an officer with the Forrest County Sheriff's Department, came to Plaintiff's residence. Plaintiff alleges that Pyles did not identify himself as an officer, and when Plaintiff opened the door, Pyles grabbed him. The two men tussled, but eventually began a discussion. Pyles allegedly told Plaintiff that his bond had been revoked and

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the compliant).

that Pyles had a picture on his phone indicating that Plaintiff's bond had been revoked. Plaintiff alleges that Pyles had neither a warrant to arrest Plaintiff nor a summons for Plaintiff.

Plaintiff alleges that he called his bail bondsman while Pyles exited Plaintiff's home. The bail bondsman informed Plaintiff that, to his knowledge, Plaintiff's bond had not been revoked. Plaintiff then called his lawyer, who allegedly advised him to allow Pyles to take him into custody, which he did. Plaintiff alleges that his bond had not been revoked and that Pyles had no right to arrest him. According to Plaintiff, Pyles was acting as an agent for Defendant Forrest County, Mississippi, and therefore, the County is responsible for Pyles's actions.

Additionally, Plaintiff asserts due process claims against Forrest County. According to Plaintiff, he sent motions to the circuit clerk seeking a preliminary hearing, a speedy trial, and leave to represent himself, but the state court did not respond to his motion. As relief for his claims, Plaintiff seeks compensatory damages.

On June 15, 2021, Defendants filed the instant Motion for Summary Judgment [61] arguing that Pyles is entitled to qualified immunity and that Plaintiff cannot establish liability against Forrest County. Plaintiff filed a Response [63], and Defendants filed a Reply [64].

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a

genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

**ANALYSIS**

***Defendant Carl Pyles***

In their Motion for Summary Judgment [61], Defendants argue that Pyles is entitled to qualified immunity. The United States Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar

as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Anderson v. Valdez*, 845 F.3d 580, 599-600 (5th Cir. 2016). A plaintiff seeking to defeat qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct. *Id*. If the defendant did violate the plaintiff's constitutional rights, "the court then asks whether qualified immunity is still appropriate because the defendant's actions were objectively reasonable in light of law which was clearly established at the time of the disputed action." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citation and internal quotation marks omitted).

The Fourth Amendment requires that an arrest be supported by either a properly issued warrant or probable cause. *See Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001). Probable cause exists "when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004).

In support of their Motion for Summary Judgment [61], Defendants submitted Plaintiff's arrest records. *See* Jail File [61-2]. The record demonstrates that on March 21, 2019, Plaintiff was arrested for aggravated domestic violence. *Id*. at 1. The Justice Court of Forrest County, Mississippi, set Plaintiff's bond at $50,000.00, and on March 28, 2019, Plaintiff was released after posting bond. *Id*. at 5-6. On May 23, 2019, while out on bond, Plaintiff was arrested for possession of a weapon by a convicted felon. *Id*. at 9-10. Plaintiff was released the next day, May 24, 2019. *Id*. at 14.

On May 24, 2019, however, the Hattiesburg Municipal Court of Forrest County, Mississippi, entered an order revoking Plaintiff's bail. *Id*. at 17. The municipal court noted that Plaintiff had been charged with possession of a weapon by a convicted felon while he was out on bond for the charge of aggravated assault. *Id*. The court stated that "pursuant to Article [3], Section 29(2) of the Constitution of the State of Mississippi,[2] the bail previously set for said Defendant on the said charge is hereby revoked and said Defendant shall stand committed to the Forrest County Jail until such time as a trial can be held on the prior charge . . . ." *Id*. Thereafter, on May 29, 2019, Pyles arrested Plaintiff. *Id*. at 15.

Defendants argue that Pyles "acted under clear authority granted by the Mississippi Constitution as ordered by the Municipal Court of the City of Hattiesburg." *See* Brief [62] at 8. Indeed, "[a]n official acting within the scope of his authority is absolutely immune from suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction." *Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996).

Defendants also argue that even if there were "a flaw in the underlying bonding/arrest/court procedures, Pyles still retains his qualified immunity here." *See* [62] at 12. "When an individual asserts a claim for wrongful arrest, qualified immunity will shield the defendant officers from suit, if a reasonable officer could have believed the arrest at issue to be

[2] Miss. Const. Art. 3, § 29(2) provides as follows:

> If a person charged with committing any offense that is punishable by death, life imprisonment or imprisonment for one (1) year or more in the penitentiary or any other state correctional facility is granted bail and (a) if that person is indicted for a felony committed while on bail; or (b) if the court, upon hearing, finds probable cause that the person has committed a felony while on bail, then the court shall revoke bail and shall order that the person be detained, without further bail, pending trial of the charge for which bail was revoked.

lawful, in light of clearly established law and the information the arresting officers possessed." *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (citation and internal quotations marks omitted). Once a government official asserts qualified immunity, it is the plaintiff's burden to prove that the official is not entitled to it. *See Michalik v. Hermann*, 422 F.3d 252, 258 (5th Cir. 2005). In order to overcome the defense of qualified immunity at the summary judgment stage, Plaintiff cannot rest on conclusory allegations or assertions but must demonstrate genuine issues of material fact regarding the reasonableness of Defendant's conduct. *Id*. at 262.

The record demonstrates that Pyles arrested Plaintiff based on a municipal court order revoking Plaintiff's bail. Pyles arrested Plaintiff five days after the municipal court entered its order revoking bail. *See* [61-2] at 15, 17. Additionally, Plaintiff testified that, during his arrest, Pyles informed him that his bail had been revoked.[3]

Plaintiff argues that the municipal court denied him due process with respect to the denial of his bail. Plaintiff asserts that the municipal court did not conduct a hearing and that he was not present when the court revoked his bail. Arresting officers, however, are generally entitled to rely on a facially valid court order in effecting an arrest because the officers' duty is not to assess guilt or innocence but merely to comply with the order. *Bennett v. Grand Prairie, Texas*, 883 F.2d 400, 408 (5th Cir. 1989). "An independent intermediary breaks the chain of causation unless it can be shown that the deliberations of that intermediary were in some was tainted by the actions of the defendant." *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988). Plaintiff has not shown that any deficiencies with the municipal court's order are attributable to Defendants. *See*

[3] In his Response [63], Plaintiff notes that the May 29, 2029, admission report from the jail states that he was charged with possession of weapon by a convicted felon, not bond revocation. However, this is not inconsistent with the municipal court's order revoking Plaintiff bail for being charged with possession of weapon by a convicted felon while out on bond.

*Estate v. Manus v. Webster County, Miss.*, 2014 WL 1285946, at *5 (N.D. Miss. Mar. 31, 2014) (finding that officers were entitled to qualified immunity for an arrest even if the order revoking bond were invalid because the plaintiff failed to show the defendants knew the order was invalid), *rev'd in part on other grounds*, 2014 WL 2207851 (N.D. Miss. May, 28, 2014).

Plaintiff has failed to demonstrate a genuine issue of material fact as to whether Pyles acted reasonably in relying on the municipal court's order and in believing that he had probable cause to arrest Plaintiff. *See Id.* (finding that officers were entitled to qualified immunity for an arrest because they relied on a judge's statement that the plaintiff's bond had been revoked).

Defendants also argue that Pyles's actions during the arrest were reasonable. Defendants argue that Pyles had the authority to enter Plaintiff's home to effectuate the arrest based on the municipal court's order. *See* [62] at 15-16 (citing *United States v. Virgil*, 444 F.ed 447, 451 (5th Cir. 2006) ("Police armed with an arrest warrant and probable cause to believe that a suspect is at his home have the right to enter the premises to arrest him.")). Additionally, Defendants argue that, even without a court order or warrant, Pyles was allowed to arrest Plaintiff because there was probable cause for the arrest and it occurred outside of Plaintiff's home.

The Court finds that Pyles is entitled to qualified immunity for his actions during the arrest. Plaintiff testified that after he opened his door and "poked" his head "past the threshold," Pyles grabbed him. *See* [61-1] at 9-10. In *Kirkpatrick v. Butler*, 870 F.2d 276, 280 (5th Cir. 1989), the Fifth Circuit stated that an arrest made in a suspect's doorway occurred in a public place where officers may make warrantless arrests. Additionally, in *United States v. Santana*, 427 U.S. 38, 42 (1976), the United States Supreme Court held that the act of retreating into one's home could not thwart an otherwise proper arrest. In his response [63], Plaintiff argues that he should not have been arrested but does not challenge the manner in which the arrest was

effectuated. In light of the established law and considering the information available to Pyles, he could have reasonably believed that his arrest of Plaintiff and the manner of that arrest was lawful. Accordingly, Plaintiff's claims against Defendant Pyles should be dismissed.

***Defendant Forrest County, Mississippi***

Turning to Defendant Forrest County, Plaintiff alleges that it is responsible for Pyles's action because he was acting as an agent for the county. Section 1983 does not allow a municipality to be held vicariously liable based on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Instead, Plaintiff must prove three elements to establish liability against a municipality under *Monell*: "(1) a policymaker; (2) an official policy; and (3) a violation of a constitutional right whose 'moving force' is the policy or custom." *Covington v. City of Madisonville, TX*, 812 Fed. Appx. 219, 225 (5th Cir. 2020). Plaintiff has failed to demonstrate that any official policy or custom was the "moving force" behind an alleged deprivation of Plaintiff's constitutional rights arising from the conduct of Pyles. *Monell*, 436 U.S. at 694; *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Thus, the undersigned recommends Plaintiff's claims against Forrest County arising from the actions of Plyes be dismissed with prejudice.

Plaintiff also asserts claims against the county because he allegedly sent motions to the circuit clerk seeking a preliminary hearing, a speedy trial, and leave to represent himself, but the state court did not respond to his motion. Fifth Circuit precedent establishes that "[a] local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county." *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995). Plaintiff has not shown that the circuit court's "acts may fairly be said to represent official policy" of the

county. *Monell*, 436 U.S. at 694. Accordingly, Plaintiff's claims against Defendant Forrest County should be dismissed.

**RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that:

1. Defendants' Motion for Summary Judgment [61] be GRANTED.

2. Plaintiff's claims be DISMISSED with prejudice.

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 be entered.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 22nd day of December, 2021.

s/ Michael T. Parker
United States Magistrate Judge